RÜCKER, J.,
dissenting.
I respectfully dissent. Indiana Code section 20-29-4-1 provides in relevant part: “School employees may ... participate in collective bargaining with school employers through representatives of their own choosing .., to establish, maintain, or improve salaries, wages, salary and wage related fringe benefits,...”. And Indiana Code section 20-29-6-2(a)(2) provides in relevant part: “Any contract may not include provisions- that conflict with -... school employee rights set forth in IC 20-29-4-1 — ” As the Court of Appeals points out the LBO provision authorizing the Superintendent to determine unilaterally the salary of teachers hired after the school year begins “unambiguously, imper-missibly conflicts with the Association’s statutory right to collectively bargain to establish salaries under Section 20-29-4-1 and thus violates Section 20-29-6-2(a)(2),” Jay Classroom Teachers Ass’n v. Jay Sch. Corp., 45 N.E.3d 1217, 1226-27 (Ind.Ct. App.2015). I agree and would thus join my Court of Appeals colleagues in reversing the judgment of the trial court.